**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| MARY LOU WHATLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 1:08-CV-276-TFM** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.*, and Title XVI, 42 U.S.C. §§ 1381 *et seq.*, Mary Lou Whatley ("Whatley") received a hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained, the court AFFIRMS THE COMMISSIONER'S decision.

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the

correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Whatley, age 43 at the time of the hearing, completed ninth grade.  Whatley's past

work experience includes employment as a nursing assistant and laborer.[1]  She has not engaged in substantial gainful work activity since the alleged onset date of September 1, 2004.  Whatley claims she is unable to work because of diabetes.  The ALJ found Moses was severely impaired by diabetes mellitus with polyneuropathy and fatigue, and asthma/chronic obstructive pulmonary disease.[2]  The ALJ determined Whatley did not have any impairment or combination of impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[3]  The ALJ found Whatley's medically determinable impairments could reasonably be expected to product the alleged symptoms, but her testimony concerning the intensity, persistence and limiting effects of her symptoms were only partially credible.[4]  He also noted the record does not show that any treating physician placed  restrictions on her activities.[5]

Whatley's medical records confirm diagnoses of diabetes and asthma in 2001 and a history of hospitalization for both conditions prior to her alleged onset date.  Although Whatley's disability application indicates she stopped working on September 1, 2004 because of diabetes, her testimony cited her move from Elba to Montgomery as the reason

---

[1] R. at 266.

[2] R. at 18.

[3] R. at 19.

[4] R. at 20.

[5] R. at 20.

for leaving her last job.[6] Despite taking medication for diabetes, Whatley's blood sugar levels are consistently high. Medical records and testimony show she is able to drive, perform light housework, shop for groceries, watch television, and prepare meals.[7] Whatley reported blacking out from diabetes on at least one occasion.[8]

Dr. James Colley performed a consultative medical examination of Whatley in April, 2005. Dr. Colley noted Whatley's daily activities included driving, light housework, and grocery shopping.[9] He found her energetic with quick movements and a normal gait. Whatley had no problems taking her shoes and socks off or transferring to the examination table.[10] The examination led Dr. Colley to conclude Whatley could stand and walk six hours in an eight-hour day, and sit six hours taking routine breaks. He found Whatley could lift or carry 20 pounds occasionally and 10 pounds frequently, with no postural or manipulative limitations.[11] Dr. Colley completed a separate physical residual functional capacity (RFC) assessment which found no environmental limitations.[12]

Treatment records prepared by Ricky Lewis, CRNP, and approved by Dr. J. F.

---

[6] R. at 65, 250.

[7] R. at 141, 257-59.

[8] R. at 257.

[9] R. at 141.

[10] R. at 142.

[11] R. at 145.

[12] R. at 154-161.

Maddox, indicate Whatley's blood sugar was uncontrolled at 557 on May 25, 2005.[13]  Mr. Lewis's physical examination of Whatley yielded unremarkable results.  A diabetic foot screen placed Whatley in the second lowest risk category, based upon Lewis's finding a loss of some protective sensation but no weakness, deformity, callus, or ulcer.[14]

In finding Whatley is not disabled, the ALJ considered an absence of restrictions from any treating physician.[15]  The ALJ weighed Dr. Colley's medical opinion as one from a highly qualified physician who was an expert in the evaluation of disability claims under the Social Security Act.[16]  The ALJ found Whatley had the RFC to perform a range of light or sedentary work with no pulmonary irritants, humidity, or temperature extremes.[17]  After considering the record evidence and testimony in accordance with the regulatory factors set forth in 20 C.F.R. § 404.1529(c), the ALJ concluded Whatley could not perform her past relevant work, but cited vocational expert testimony as a basis for finding a person with Whatley's RFC is able to work as a counter clerk, cashier, or information clerk.[18]  The ALJ adopted the VE's testimony to conclude Whatley's RFC and ability to perform these listed

---

[13] R. at 167.

[14] R. at 169-70, 173.

[15] R. at 20.

[16] R. at 20-21.

[17] R. at 19, 267.

[18] R. at 19-22, 266-67.

occupations meant that she was not disabled under the Act.[19]

## III.  ISSUES

Whatley raises two issues for judicial review:

1. Whether the ALJ's credibility finding complied with Eleventh Circuit standards.

2. Whether the ALJ's RFC finding is supported by substantial evidence.

## IV.  DISCUSSION

### 1.     **The ALJ Articulated Adequate Reasons for His Credibility Determination.**

Whatley argues the ALJ's credibility finding did not comply with Eleventh Circuit precedent and constituted reversible error.  The Commissioner responds that the ALJ properly evaluated the credibility of Whatley's subjective complaints, correctly applied the Eleventh Circuit pain standard, and issued a finding supported by substantial evidence.  The court agrees that the ALJ gave well-reasoned grounds to reject Whatley's allegations and testimony of disability, and therefore, did not err in his application of the law.

The five-step sequential analysis set forth in regulations require that a claimant prove that he is disabled.  20 C.F.R. § 404.1512; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).  The Eleventh Circuit has set forth criteria for establishing a disability based on testimony of pain and other symptoms.  It explained that

> a claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively

---

[19]R. at 22.

> determined medical condition can reasonably be expected to give rise to the claimed pain.  If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so.  Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citations omitted).  A "claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).  "Indeed, in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).  An ALJ must explicitly explain why he chose not to credit a claimant's testimony. *Brown*, 921 F.2d at 1236.  When evaluating a claim based on disabling subjective symptoms, the ALJ considers medical findings, a claimant's statements, statements by the treating physician and evidence of how the pain affects the claimant's daily activities and ability to work.  20 C.F.R. § 416.929(a).  "The decision concerning the plaintiff's credibility is a function solely within the control of the Commissioner and not the courts." *Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1213 (M.D. Ala. 2002).

Whatley alleges the record does not support the ALJ's credibility findings, as the decision failed to "provide 'specific reasons' for disbelieving [her] testimony concerning the effects and resulting limitations imposed by her diabetic condition."[20]  The ALJ decision recited the steps required under the pain standard, and noted the types of evidence designated

---

[20]Pl. Br. at 14.

for consideration under 20 C.F.R. § 404.1529(c) when making credibility determinations.[21] After listing the regulatory factors, the ALJ summarized Whatley's hearing testimony about her physical difficulties, and followed with record evidence of her activities. These activities included driving, light housework, grocery shopping, television, eating out with friends, and meal preparation. The ALJ then wrote

> In addition, the record lacks evidence of intractable, debilitating or other debilitating symptomatology. After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are only partially credible.[22]

Whatley asserts this passage does not satisfy Eleventh Circuit precedent on credibility findings and urges reversal.[23] At first blush, it would seem that the passage does not comply with the Eleventh Circuit's requirement that an ALJ give explicit grounds for discrediting a claimant's testimony. *Brown*, 921 F.2d at 1236. Upon close review, however, the structure and content of the ALJ's decision leads the Court to conclude the credibility finding meets the Eleventh Circuit's standard. After listing the factors that he "must consider in addition to the objective medical evidence when assessing the credibility of the claimant's statements," the ALJ summarized Whatley's testimony and activities.[24] The next paragraphs

---

[21] R. at 19-20.

[22] R. at 20.

[23] Pl. Br. at 13-14.

[24] R. at 20.

essentially contrast images of a woman who claims disability from diabetes and complications arising therefrom, with one who performs several tasks which demonstrate abilities inconsistent with her testimony. After setting forth summaries of testimony and record evidence, the ALJ concluded Whatley's statements are "only partially credible."[25]

The Court has examined the ALJ decision in this case under the well-known instruction from *Wilson* which states "[I]f the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson, id.* at 1225. It is true that the ALJ in this case did not employ any signal phrases such as "Whatley is not credible because . . ." or "evidence of daily activities indicates untruthful testimony. . . ." If such phrases are necessary for an explanation to be "explicit and adequate," then the ALJ committed reversible error. However, a conclusion on credibility which is preceded by a recitation of credibility factors, with a review of facts relevant thereto, convince this Court that the ALJ articulated adequate grounds for his finding. Notwithstanding the ALJ's failure to highlight his credibility in "explicit" fashion, the juxtaposition of Whatley's claims and evidence of her activities sufficiently demonstrates the ALJ's basis for his credibility finding.

Further, the Court notes regulations at 20 C.F.R. § 404.1529(c)(4) permit an ALJ to consider inconsistencies or conflicts between a claimant's statements and other evidence.

---

[25]R. at 20.

*Osborn v. Barnhart*, 194 Fed. Appx. 654, 664-65 (11th Cir. 2006).  Although the ALJ did not discuss this point, Whatley's testimony unequivocally showed that her move to the Montgomery area, not diabetes or any other illness, was the reason she quit working in August, 2004.[26]  The Commissioner argues this information provides further support for denying benefits in this case.  *See* 42 U.S.C. § 423(d)(2)(A) (unemployment for reasons other than the presence of a disabling impairment does not constitute a proper basis for the award of disability benefits; 20 C.F. R. § 404.1566(c) (the inability to work for reasons other than a disabling impairment is not a basis for a disability claim).  Therefore, these authorities and the hearing transcript provide additional support for the ALJ's decision.

The ALJ articulated adequate reasons to reject Whatley's subjective testimony about pain and disability.  The Court acknowledges the necessity of reading the ALJ decision carefully, as no single phrases announces the basis for the credibility determination.  Nonetheless, the ALJ cited substantial evidence for his decision on this issue, and Whatley acknowledged that she quit working because she moved to Montgomery.  Thus, she failed to meet her burden of proof, and the court finds no reversible error on this issue.

### 2. The ALJ's RFC Finding is Supported by Substantial Evidence.

Whatley argues the ALJ's RFC finding lacks the support of substantial evidence and was not adequately explained in the decision.  She alleges the ALJ failed to comply with Social Security Ruling (SSR) 96-8p because he did not include a narrative discussion

---

[26]R. at 250.

regarding the medical evidence for his conclusions, or explain material inconsistencies or ambiguities in the evidence. The Commissioner responds the ALJ's RFC finding was fully supported by uncontradicted and substantial medical evidence.

As noted earlier in this opinion, the five-step sequential analysis set forth in regulations require that a claimant prove that he is disabled. 20 C.F.R. § 404.1512; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 1999); *Jones, id.* at 1228. The ALJ noted that no "treating physician has placed restrictions on [Whatley's] ability to engage in work-related activities."[27] Lacking some medical opinion of disability, Whatley's effort to prove she is eligible for benefits under the Act becomes futile. Whatley cites SSR 96-8p to demand a narrative discussion of the evidence, with an explanation of material inconsistencies or ambiguities, but there is no medical opinion of disability for the ALJ to counter or explain. SSR 96-8p provides

> [W]hen there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity.

SSR 96-8p(3). The ruling further directs an ALJ to consider *all* relevant evidence in the case record when making an RFC assessment, including medical history, medical signs and laboratory findings, reports of daily activities, medical source statements, and effects of symptoms. SSR 96-8p, at 4 (emphasis in original).

---

[27]R. at 20.

11

The ALJ treated the consulting medical opinion from Dr. James Colley as one from a "highly qualified physician who is also an expert in the evaluation of the medical issues in disability claims under the Social Security Act."[28] Dr. Colley's report of Whatley's daily activities such as driving, light housework, and grocery shopping, were appropriately considered by the ALJ under SSR 96-8p. Likewise, evidence of her energy, quick movements, normal gait, and ease of movement mitigate against a finding of disability.[29] Dr. Colley's examination led him to conclude Whatley could perform work, specifically, that she could stand and walk six hours in an eight-hour day, and sit six hours taking routine breaks.[30] The ALJ adopted this medical opinion and added environmental restrictions to the RFC, even though Dr. Colley did not include any such limitations on Whatley's ability to work.[31]

As the record does not include a medical opinion of disability, the only allegations of physical limitation before the ALJ were presented by Whatley herself. A claimant's testimony can establish disability where credibly established. *Foote, id.* at 1561. As discussed in Part IV-1 above, Whatley's testimony was discredited, primarily by accounts of her daily activities, as related through testimony and Dr. Colley's records. Thus, the ALJ's RFC finding is appropriate given Whatley's activities, environmental limitations,

---

[28]R. at 20-21.

[29]R. at 142.

[30]R. at 145.

[31]R. at 19, 158, 267.

fatigue, and cessation of work due to moving her relocation to Montgomery. Whatley specifically questions the consistency of the RFC finding with the ALJ's finding of severe fatigue. In fact, her complaints of fatigue were accommodated by the RFC limitation to light or sedentary work. *See Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) (noting sedentary work is itself a significant limitation on claimant's ability to perform work.)

The Court finds the ALJ complied with the requirement in SSR 96-8p that an RFC finding demonstrate a claimant's ability to perform sustained work activities. This finding was supported by Dr. Colley's report and not contradicted by any physician. Whatley's activities provided contrary evidence of her allegations of disability. According, Whatley's claim of error must fail.

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law. It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.**  A separate judgment is entered herewith.

Done this 5th day of January, 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE